IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 5:08-CV-523-BO

| | | |
|---|---|---|
| MICHAEL JOSEPH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| THE UNITED NATIONS SECRETARY GENERAL BAN KI-MOON WITH AGENT SECRETARY OF THE TREASURY HENRY MERRITT PAULSON, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Michael Joseph filed this civil action on October 15, 2008, against United Nations Secretary General Bank-Ki Moon and Secretary of the Treasury Henry Merritt Paulson.

Rule 12(h)(3) provides that the Court must dismiss an action where the Court lacks subject matter jurisdiction. The United States ratified the Convention on the Privileges and Immunities of the United Nations (the "General Convention") in April, 1970. 21 U.S.T. 1418, TIAS No. 6900. Article II of the General Convention provides that "The United Nations, its property and assets wherever located and by whomsoever held, shall enjoy immunity from every form of legal process except insofar as in any particular case it has expressly waived its immunity." *Id.* Article V of the General Convention accords Secretary General Ban-Ki Moon the privileges and immunities of a diplomatic envoy including those set out in Articles 31 and 39 of the Vienna Convention on Diplomatic Relations, 23 U.S.T. 3227, 500 U.N.T.S. 95. The

Diplomatic Relations Act mandates that "any action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the Vienna Convention on Diplomatic Relations ... or under any other laws extending diplomatic privileges and immunities, shall be dismissed." 22 U.S.C. § 254d. Therefore, because the United Nations and Secretary General Ban-Ki Moon are immune from suit, Plaintiff's action is DISMISSED as against Secretary General Ban-Ki Moon.

Plaintiff also brings this action against Secretary of the Treasury Henry Merrit Paulson. At the time that this action was commenced, Henry Paulson was serving as Secretary of the Treasury of the United States of America. "Sovereign immunity bars claims against federal officials in their official capacities unless a waiver of sovereign immunity is 'unequivocally expressed.'" *Hagemeier v. Block*, 806 F.2d 197, 202 (8th Cir. 1986) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Here, Plaintiff's Complaint names Henry Paulson in his official capacity and the United States has not explicitly waived sovereign immunity for Plaintiff's claims. Thus, Plaintiff's action must be DISMISSED as against Henry Paulson.

In sum, Plaintiff's claims may not be maintained against either Defendant. Therefore, this action is hereby DISMISSED.

SO ORDERED, this __17__ day of February, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE